UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB65,<br><br>Plaintiff,<br><br>v.<br><br>Kunba, LLC, Robert Khomari, The New York City Department of Housing Preservation and Development, County Oil Company, Inc. and John Doe No. I through John Doe No. XXX, inclusive, the last thirty names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint,<br><br>Defendants. | Case No. 25-CV-01696 (DLC) |

**DECLARATION OF CARTER J. WALLACE**
**IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

CARTER J. WALLACE, an attorney licensed to practice law in the State of New York, pursuant to 28 U.S.C. §1746 and under the penalties of perjury, affirms:

1.  I am an associate with the firm of Polsinelli PC, attorneys for Plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB65 ("**Lender**"). I make this statement in support of Lender's Motion: (i) for entry of default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b) against Defendant County Oil Company, Inc. ("**County Oil**") for their failure to respond to Lender's Complaint, (ii) to amend the caption removing John Doe No. I through XXX, and (iii) for any other relief as is just and proper.

1

**LOAN TRANSACTION**

2. On or about February 7, 2019, CPC Mortgage Company LLC ("**Original Lender**") made a $1,750,000.00 loan (the "**Loan**") to Borrower. In connection with the Loan, Borrower executed that certain Loan Agreement – SBL effective as of February 7, 2019, by and between Borrower and Original Lender (the "**Loan Agreement**"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

3. The terms Loan is evidenced by that certain New York Consolidated, Amended and Restated Note dated as of February 7, 2019 (the "**Note**") by and between Borrower and Original Lender in the original principal amount of $1,750,000.00[1]. A true and correct copy of the Note is attached hereto as **Exhibit B**.

4. To secure the indebtedness owed under the Note, Borrower executed that certain Consolidation, Extension and Modification Agreement in the original principal amount of $1,750,000.00 made by Kunba LLC to CPC Mortgage Company LLC, dated as of February 7, 2019, and recorded with the City Register on February 25, 2019, as CRFN 2019000063497 (the "**Security Instrument**"). A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

5. To further secure the amounts owed under the Note, Robert Khomari ("**Guarantor**") executed that certain Guaranty, dated to be effective as of February 7, 2019 (the "**Guaranty**"), pursuant to which Guarantor guaranteed certain of Borrower's obligations, as described therein. A true and accurate copy of the Guaranty is attached hereto as **Exhibit D**.

---

[1] The Note consolidated two prior notes consisting of: (a) that certain Substitute Note A in the original principal amount of $1,075,000.00 made by Kunba LLC to Signature Bank, dated February 7, 2019; and (b) that certain Gap Note Fixed Rate – SBL in the original principal amount of $675,000.00 made by Kunba LLC to CPC Mortgage Company LLC, dated February 7, 2019.

6. Lender is the owner and holder of the Note, the Loan Agreement, the Mortgage, the Guaranty and all other documents further evidencing, securing or executed in connection with the debt owed in connection with the Loan (collectively, the "**Loan Documents**").

7. On February 7, 2019, Original Lender assigned the Loan Documents to Federal Home Loan Mortgage Corporation, as evidenced by: (a) the Allonge to the Note (part of Exhibit B); (b) that certain Assignment of Consolidated Security Instruments; and (c) that certain Omnibus Assignment. Copies of the assignments to Federal Home Loan Mortgage Corporation are attached hereto as **Exhibit E**.

8. On August 29, 2019, Federal Home Loan Mortgage Corporation assigned the Loan Documents to Lender, as evidenced by: (a) the Allonge to the Note (part of Exhibit B); (b) that certain Assignment of Mortgage; and (c) that certain UCC Financing Statement Amendment (Assignment). Copies of the assignments to Lender are attached hereto as **Exhibit F**.

9. The original Loan Documents, including the Note, were delivered to Lender. Prior to the commencement of this action, Lender has been in exclusive possession of the original Note, endorsed to Lender pursuant to the allonges attached to the Note, and has not transferred the same to any other person or entity.

10. Under the terms of the Loan Documents, on or before March 1, 2024 (the "**Maturity Date**"), Borrower was required to pay to Lender the entire outstanding Indebtedness and all other amounts due and owing under the Note and other Loan Documents

11. Borrower defaulted under the Loan Documents due to Borrower's failure to pay the entire outstanding Indebtedness and all other amounts due and owing under the Note and other Loan Documents by the Maturity Date.

12. By letter dated August 7, 2024 (the "**Notice of Default**"), Lender notified Borrower and Guarantor of Borrower's default under the Loan Documents due to Borrower's failure to pay the entire outstanding Indebtedness and all other amounts due and owing under the Note and other Loan Documents by the Maturity Date. A true and correct copy of the Notice of Default sent to Borrower is attached hereto as **Exhibit G**.

13. The Complaint in this action was filed with this Court on February 27, 2025. Thereafter the Notice of Pendency of this action was filed in the Bronx County Clerk's Office. A true and correct copy of the Complaint is attached hereto as **Exhibit H**.

14. Since their respective filings, neither the Notice of Pendency nor the Complaint has been amended so as to embrace real property other than that described in the original Complaint, or so to extend Lender's claim against the Property.

15. Defendant County Oil was served with process on the following date:

| DEFENDANT | DATE OF SERVICE | RESPONSE DEADLINE |
|---|---|---|
| County Oil Company, Inc. | March 11, 2025 | April 1, 2025 |

16. Plaintiff filed an Affidavit of Service for County Oil demonstrating County Oil was duly served with the Summons, Complaint with exhibits, Notice of Pendency and other documents ("**Complaint Documents**") in this action. [ECF No. 16]. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit I**.

17. County Oil was served with the Complaint Documents on March 11, 2025, at approximately 1:47 p.m. via personal service and delivery on Colleen Banahan, authorized agent in the Office of the Secretary of State of the State of New York, two (2) true copies thereof,

4

pursuant to Business Corporation Law § 306.  Accordingly, County Oil's deadline to respond to the Complaint was April 1, 2025.

18. Service was proper pursuant to Fed. R. Civ. Pro. 4(h)(1)(A) and Fed. R. Civ. P. 4(e)(1) because personal service on an authorized agent in the Office of the Secretary of State of the State of New York is a manner prescribed by New York state law for serving a summons on a corporation.  *See* N.Y. CPLR § 311(a)(1) and N.Y. Bus Corp. Law § 306.

19. No John does were found at the property.

20. County Oil has not answered or otherwise moved with respect to the Complaint. The time for County Oil to answer or otherwise move with respect to the Complaint expired on April 1, 2025, and has not been extended.  Thus, Lender submitted a Request for Clerk's Certificate of Default against ECB [ECF No.'s 23-25], which request was granted [ECF No. 27].  A true and correct copy of the Clerk's Certificate of Default against County Oil is annexed hereto as **Exhibit J**.

21. County Oil is not an infant or incompetent.  County Oil is not presently in the military service of the United States as appears from facts in this litigation.

22. County Oil is named as a party-defendant herein by virtue of any liens upon the Property, including a UCC Financing Statement filed/recorded February 11, 2020 in Bronx County as CRFN 2020000054709, which liens, if any, are subordinate to the lien of Lender's mortgage sought to be foreclosed herein.  Lender had to name County Oil in this action in order to ensure that these liens do not survive Lender's foreclosure. A true and correct copy of County Oil's lien provided in Lender's title insurance foreclosure commitment is attached hereto as **Exhibit K**.

## THE RELIEF SOUGHT

23. Defendants captioned "JOHN DOE NO. 1" through "JOHN DOE NO. XXX" were not served with copies of the Summons or Complaint and are not necessary parties to this action. Lender therefore requests that "John Doe No. I through John Doe No. XXX" be removed from the caption and that the action be discontinued as against them, without prejudice to any of the prior proceedings or any future proceedings.

24. An Order of Default Judgment against County Oil is appropriate in this action because (i) County Oil has not appeared or served any answer or other responsive pleading to the Complaint; and (b) Lender properly obtained a Clerk's Default against County Oil.

25. Lender is not seeking damages against County Oil, merely an Order of Default Judgment declaring that Lender's Mortgage has priority over any lien County Oil may have against the Property as described in the Complaint. Thus, the Court may appropriately issue an Order of Default Judgment against County Oil prior to the resolution of the entire action.

26. No proposed damages and the basis for each element of damages is provided herein because Lender is not seeking damages against County Oil.

27. No legal authority is provided herein for why an inquest into damages would be unnecessary because Lender is not seeking damages against County Oil.

28. The Court may appropriately order a default judgment against County Oil prior to the resolution of the entire action because Lender is not seeking damages against County Oil.

29. Lender requests that this Court, pursuant to Fed. R. Civ. Pro. 55(b) enter default against County Oil based on its failure to plead, specifically in its failure to respond to Lender's Complaint, and directing the Clerk of the Court to enter default judgment against County Oil as proposed herewith.

## **CONCLUSION**

30. Lender requests that this Court grant its motion (i) for entry of default judgment against Defendant County Oil; (ii) to amend the caption to remove JOHN DOE NO. I through JOHN DOE NO. XXX as defendants; and (iii) for any other relief as is just and proper.

Dated: New York, New York
       May 2, 2025

                POLSINELLI PC

                By:    */s/ Carter J. Wallace*
                        AARON P. DAVIS
                        CARTER J. WALLACE
                        600 Third Avenue, 42nd Floor
                        New York, New York 10016
                        (212) 803-9914
                        adavis@polsinelli.com
                        cwallace@polsinelli.com

                ATTORNEYS FOR PLAINTIFF