UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON TRUST, NATIONAL ASSOCIATION,

Plaintiff,

-v-

KUNBA, LLC, et al.,

Defendants.

25cv1696 (DLC)

OPINION AND ORDER

APPEARANCES:

For plaintiff Wilmington Trust, National Association:

Carter Wallace
Polsinelli PC
600 Third Avenue, 42nd Floor
New York, NY 10016

For defendants Kunba, LLC and Robert Khomari:

Justin Felix Pane
Justin F. Pane, P.C.
80 Orville Drive, Suite 100
Bohemia, NY 11716

DENISE COTE, District Judge:

Wilmington Trust, National Association, brings this suit against Kunba, LLC ("Kunba"), Robert Khomari, the New York City Department of Housing Preservation and Development ("DHPD"), and County Oil Company, Inc. ("County Oil"), seeking to enforce its rights under a note, including foreclosure. Kunba and Khomari ("moving defendants") have moved to dismiss the complaint

pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P. For the following reasons, the motion is denied.

**Background**

The following facts are taken from the complaint, documents integral to the complaint, and a document submitted in connection with this motion. Only the facts necessary to decide this motion are included. They are assumed to be true for the purposes of this motion, unless otherwise noted.

A. The Loan and Trust

On February 7, 2019, CPC Mortgage Company LLC ("CPC") loaned $1,750,000 to Kunba and executed a contract memorializing their agreement ("Loan Agreement"). The loan was secured by real property located at 430 East 162nd Street, New York, New York ("the Property"). Additionally, Article III of the Loan Agreement stated that Kunba "will be personally liable to Lender for the Base Recourse specified in Article I ('Base Recourse'), plus any other amounts for which Borrower has personal liability under this Article III." Article I of the Loan Agreement defined "Base Recourse" as "0% of the Loan Amount." Under a separate section titled "Loss or Damage Recourse," Article III listed certain events that would trigger Kunba's personal liability equal to the lender's loss or damage resulting from the event. These events included the borrower's failure to pay

"Insurance premiums, if Lender does not collect an Insurance Reserve Fund."

The same day, Khomari executed a guaranty agreement ("Guaranty") with CPC. Under the Guaranty, among other provisions, Khomari "absolutely, unconditionally, and irrevocably guarantee[d] to [CPC] . . . [t]he full and prompt payment when due, whether at the Maturity Date or earlier, by reason of acceleration or otherwise, of all amounts for which [Kunba] is personally liable under Article III of the Loan Agreement."

Also on February 7, 2019, CPC assigned the loan and its associated agreements to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). On August 29, 2019, Freddie Mac assigned the loan and associated agreements to the plaintiff, as trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB65 ("the Trust"). The Trust is a common law trust organized under New York law.[1] Pursuant to a Pooling and Servicing Agreement ("PSA"), which was attached to the plaintiff's brief opposing this motion, "all the right, title, and interest" of the Trust property is conveyed to the

---

[1] Under New York law, a trustee of an express trust may sue in its own name. See N.Y. C.P.L.R. § 1004.

plaintiff "for the benefit of the Certificateholders." The PSA provides that the plaintiff is to hold trust assets "for the exclusive use and benefit of all present and future Certificateholders and the Guarantor. It is not intended that this PSA create a partnership or joint-stock association." In a section titled "Limitation on Rights of Certificateholders," the PSA states:

> Except as expressly provided in this PSA, no Certificateholder shall have any right to vote or in any manner otherwise control the operation and management of the Trust, or the obligations of the parties hereto, nor shall anything set forth in this PSA, or contained in the terms of the Certificates, be construed so as to constitute the Certificateholders from time to time as partners or members of an association . . . .

Kunba defaulted by failing to repay amounts owed under the Loan Agreement by March 1, 2024. A Notice of Default, dated August 7, 2024 and sent to Kunba and Khomari from a servicer acting as an agent for the plaintiff, listed principal, interest, late charges, and fees due under the Loan Agreement. It also noted "the default related to Borrower's failure to maintain insurance on the collateral described in the Mortgage."

B. This Lawsuit

The plaintiff initiated this action on February 27, 2025. Among other relief, it seeks authorization to foreclose on the Property to recover amounts it is owed under the Loan Agreement.

The complaint named as defendants Kunba, Khomari, the DHPD, and County Oil.[2] DHPD filed an answer to the complaint on March 26. An Order of May 29 granted a default as to County Oil. On May 1, the moving defendants filed this motion to dismiss. The motion was fully briefed on June 20.

## **Discussion**

The moving defendants argue first that the court lacks subject matter jurisdiction to hear this case, and second that the complaint fails to state a claim against Khomari.[3] Neither argument succeeds.

II. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Bacher v. Boehringer Ingelheim Pharms., Inc., 110 F.4th 95, 97 (2d Cir. 2024) (citation omitted). Thus, where a party raises a jurisdictional challenge under Rule 12(b)(1), a court must address that challenge before turning to any merits issue. See

[2] DHPD and County Oil were named as defendants due to any liens they have on the Property, which the plaintiff alleges are subordinate to the mortgage at issue in this case.

[3] Initially, the defendants' motion raised two other arguments related to whether the plaintiff was the assignee of the Loan Agreement and the Complaint's allegation of the balance due under the loan. The defendants' reply brief withdrew those arguments, and this Opinion does not address them.

Moreira v. Société Générale, S.A., 125 F.4th 371, 384 (2d Cir. 2025).

"To establish subject matter jurisdiction under 28 U.S.C. § 1332, as implicated here, plaintiffs bear the burden of making a preponderance showing, inter alia, of 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017) (citation omitted). In the case of "traditional trusts, establishing only fiduciary relationships, [which] are incapable of being haled into court except through their trustees," the trust's citizenship is that of its trustees and not its beneficiaries. Id. at 731. Trustees are real parties in interest to a controversy, and thus determine citizenship of a trust litigant, "based on their possession of certain customary powers to hold, manage, and dispose of assets, for the benefit others." Id. at 726 (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 (1980)). These powers may include the ability to take title to trust assets, invest them, and sue or be sued as trustees. Navarro, 446 U.S. at 464.

On the other hand, where "state law applies a 'trust' label to 'a separate legal entity that itself can sue or be sued,' that trust is subject to the 'rule that it possesses the

citizenship of all of its members.'" Loubier, 858 F.3d at 728-29 (quoting Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016)). Such unincorporated entities "have little in common with traditional trusts" and have members with "ownership interests" and powers over the trust property resembling those of "shareholders in a joint-stock company or the partners of a limited partnership." Loubier, 858 F.3d at 728-29 (quoting Americold Realty Tr., 577 U.S. at 382-83).

The plaintiff argues that the Trust's citizenship for diversity purposes is its own -- that is, the trustee's -- which is Delaware. The defendants argue that its citizenship is that of the Trust's certificate holders, which might include New York and thus destroy diversity. The plaintiff is correct. The Trust is a common law trust under which the trustee holds legal title to its assets for the benefit of the certificate holders, who lack the kind of control over the Trust that shareholders of a joint-stock company would have over that entity. Pursuant to the PSA, the plaintiff has the duty and power to hold and manage Trust assets on behalf of the certificate holders. The certificate holders themselves do not. The Trust is not a separate entity that can sue or be sued, and its trustee is the

real party in interest to this lawsuit.[4] Because the plaintiff is a citizen of Delaware, there is diversity of citizenship in this case.

In arguing to the contrary, the defendants do not dispute any of the factual assertions made by the plaintiff regarding the structure or other characteristics of the Trust. They do not offer any evidence that the plaintiff is not a real party to this litigation, or that certificate holders have any relevant powers whatsoever over the Trust property. Nor do they dispute that the citizenship of a traditional trust is that of its trustee. Instead, they object to the plaintiff's reliance on the PSA, which is not attached to the complaint and is attached only in part to the plaintiff's brief. But in resolving a motion to dismiss for lack of subject matter jurisdiction, the "court can refer to evidence outside the pleadings." Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 441 (2d Cir. 2019) (citation omitted). The defendants' brief criticizes the

[4] Other decisions in this District have reached the same conclusion in cases brought by this plaintiff as trustee for similar trusts. Wilmington Tr., Nat'l Ass'n v. Aevri Salina Meadows LLC, No. 23cv8824, 2025 WL 405721 (S.D.N.Y. Feb. 5, 2025); Wilmington Tr., Nat'l Ass'n v. 115 Owner LLC, No. 20cv2157, 2021 WL 5086368 (S.D.N.Y. Nov. 2, 2021); see id. at *2 ("[N]umerous courts in this district have treated similar trusts as traditional common law trusts, the trustees of which are the entities that matter for purposes of diversity jurisdiction." (citation omitted)).

plaintiff for failing to authenticate the copy of the PSA it submitted, but it nowhere disputes its authenticity. Based on the uncontradicted facts set forth in the Complaint and submissions connected to this motion, the plaintiff has met its burden to show it is more likely than not that diversity of citizenship exists in this case.

III. Failure to State a Claim

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Doe v. Franklin Sq. Free Sch. Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 566 U.S. at 678). At this juncture, the court ordinarily "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted). Also, a "plaintiff may incorporate allegations in the complaint by reference to another document, and where the complaint relies heavily upon its terms and

effect, the document is integral to the complaint." Pearson v. Gesner, 125 F.4th 400, 406 (2d Cir. 2025) (citation omitted).

The defendant argues that any claim against Khomari should be dismissed because there is no cause of action asserted against him and there is no possibility that he could be held liable to pay any deficiency judgment that may follow the foreclosure sale of the Property. The plaintiff responds that the Loan Agreement and Guaranty may hold Khomari liable. The plaintiff's argument prevails.

New York law allows a plaintiff in a foreclosure action to name a guarantor in order to ultimately pursue a deficiency judgment against that person following a foreclosure sale. See N.Y. Real Prop. Acts. § 1371. That is what the plaintiff has done here. The defendants do not dispute that reading of the law but argue that the loan documents provide for "no scenario" where Khomari could be held liable for a deficiency judgment. That argument fails. The Guaranty allows Khomari to be held liable for amounts owed by Kunba under Article III of the Loan Agreement. Article III holds Kunba personally liable for losses resulting from events including a failure to pay insurance premiums on the Property. The complaint, with documents integral to it, pleads that that event has occurred.

Accordingly, it states sufficient facts to name Khomari as a defendant.

## Conclusion

The moving defendants' May 1, 2025 motion to dismiss the complaint is denied. A scheduling order accompanies this Opinion.

Dated: New York, New York
July 9, 2025

Denise Cote
DENISE COTE
United States District Judge